Vickie L. Driver
Texas Bar No. 24026886
Christina W. Stephenson
Texas Bar No. 24049535
**HUSCH BLACKWELL LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
Phone: (214) 999-6100
Fax: (214) 999-6170
Email: vickie.driver@huschblackwell.com
Email: crissie.stephenson@huschblackwell.com

**COUNSEL FOR THE DEBTORS**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 11** |
| | § | |
| **FOUNDATION HEALTHCARE, INC.,** | § | **CASE NO. 17-42571-rfn-11** |
| | § | **Lead Case** |
| **DEBTOR.** | § | |
| | § | **Complex Case** |
| ------------------------------------------------------- § | | **Jointly Administered** |
| | § | |
| IN RE: | § | **CHAPTER 11** |
| | § | |
| **UNIVERSITY GENERAL HOSPITAL, LLC,** | § | **CASE NO. 17-42570** |
| | § | |
| **DEBTOR.** | § | **Complex Case** |
| | § | **Jointly Administered** |
| ------------------------------------------------------- § | | **Under Lead Case** |

## NOTES REGARDING AMENDED SCHEDULES OF ASSETS AND LIABILITIES AND AMENDED STATEMENT OF FINANCIAL AFFAIRS

On June 21, 2017 (the "Petition Date"), Foundation HealthCare, Inc., and University General Hospital, LLC each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"). The Debtors have requested, and the Bankruptcy Court has so ordered, that their cases be jointly administered under Case No. 17-42571.

Since that date, with the assistance of its Bankruptcy Court approved advisors, the Debtors determined certain changes should be made to the original Schedules of Assets and Liabilities and the Statement of Financial Affairs, and prepared the annexed Amended Schedules

of Assets and Liabilities (the "Schedules") and the Amended Statement of Financial Affairs (the "SOFAs" and together with the Schedules, the "Schedules and SOFAs") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the financial statements. The original Schedules and SOFAs were filed on July 6, 2017, at Docket Nos. 36 and 37 and Nos. 42 and 43, respectively.

Although the Debtors' advisors and remaining officers, directors and contract employees have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may have occurred. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. These notes regarding each of the Debtor's Schedules and SOFAs (the "Notes") comprise an integral part of such Debtor's Schedules and SOFAs and should be referenced in connection with any review of the Schedules and SOFAs. Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtor against any third party, or in or with respect to any aspect of these chapter 11 cases.

    1.    <u>Amendments.</u>   The Debtors reserve the right to amend or supplement the Schedules and SOFAs as necessary or appropriate.

    2.    <u>Asset Presentation.</u>   Most assets and liabilities of the Debtors are shown on the basis of the book value in the respective Debtor's books and records, as of December 31, 2016, and not on the basis of current market values of such interest in property or liabilities; provided, however, that some adjustments have been made when the information was available subsequent thereto. In certain instances, where book value is known to be materially inaccurate, the Debtor listed some assets and liabilities as having an "unknown" value. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

    3.    <u>Liabilities.</u>   The Debtors sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors also reserve the right to change the allocation of liability to the extent additional information becomes available.

    4.    <u>Causes of Action.</u>   Despite reasonable efforts, the Debtors may not have identified or set forth all of its causes of action against third parties as assets in its Schedules and SOFAs. The Debtors reserve any and all of their rights with respect to any causes of action they each may have, and neither these Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

5.     <u>Claim Description.</u>   Any failure to designate a claim on the Schedules or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the respective Debtor that such claim is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment. The Debtors also reserve the right to amend their Schedules or SOFAs as necessary or appropriate.

6.     <u>Property and Equipment.</u>   The Debtors have not completed a physical inventory of any of their owned equipment, merchandise or other physical assets and any information set forth in the Schedules and SOFAs may be over or understated. Further, nothing in the Schedules or SOFAs (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is or shall be construed as an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all of their rights with respect to such issues. Notwithstanding the foregoing, an inventory of supplies for UGH was conducted in December 2016.

7.     <u>Insurance.</u>   The Debtors have, in the past, maintained a variety of insurance policies including property, general liability, and workers' compensation policies and other employee- related policies. The Debtors' interest in these types of policies is limited to the amount of the premiums that the Debtor has prepaid, if any, as of Petition Date. To the best of each Debtor's knowledge, no such prepayments exist.  The Debtors do reserve all rights to refunds of any overpayments of premiums paid on any insurance policies.

8.     <u>Insiders.</u>   In the circumstances where the Bankruptcy Schedules require information regarding insiders or officers and directors, included herein are the relevant Debtor's (a) directors (or persons in similar positions) and (b) officers.  The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtor, management responsibilities or functions, decision-making or corporate authority or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

9.     <u>Schedule A/B—Real and Personal Property.</u>   As of the Petition Date, certain equipment and property was foreclosed upon, repossessed, or picked up by various parties. While the Debtors have attempted to identify each such situation, that analysis is made complicated by the fact that the UGH Debtor is no longer in possession of that leased premises. To the extent any Debtor learns of a piece of property that has been subject to a repossession or foreclosure impacting the listing in this schedule, such Debtor reserves the right to amend such Schedule and SOFA reflecting same.

10. <u>Schedule D—Creditors Holding Secured Claims.</u> Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule D.

11. <u>Schedule F—Creditors Holding Unsecured Nonpriority Claims.</u> The liabilities identified in Schedule F are derived from the respective Debtor's books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by each Debtor to set forth its unsecured obligations. Accordingly, the actual amount of claims against each Debtor may vary from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals or advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that may occur throughout the duration of these chapter 11 cases.

12. <u>Schedule H – Codebtors.</u> It is possible that some of the Debtors affiliates, including one another in some instances, may be viewed by a particular creditor as being co-obligors on such debt. However, none of those affiliates are viewed by the Debtors as having any ability to pay those debts and many are owned in whole or in part by one of the Debtors, FHI. Finally, it would be unduly burdensome and of relatively little to no value to the Debtors' estates to attempt to delineate those co-obligors for each debt. Consequently, the Debtors have not listed those as co-debtors on Schedule H.

13. <u>Statement of Financial Affairs 19(d) – Financial Statements.</u> The Debtors have each undertaken reasonable efforts to identify all financial institutions, creditors and other parties to whom a financial statement was issued within two years immediately preceding the Petition Date. The Debtors reserve their rights to subsequently supplement or amend Statement 19d upon discovery of additional information.

14. <u>Statement of Financial Affairs 4 and 30 – Payments within One Year to Insider.</u> The information available at the time of filing has been included; however, information regarding stock options, redemptions, and potential loan reductions were unavailable and have not been included.

15. <u>Specific Notes.</u> These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

16.     <u>Totals.</u>    All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.

17.     <u>Unliquidated Claim Amounts.</u>  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

18.     <u>General Reservation of Rights.</u>  The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and SOFAs as and to the extent necessary as they each deem appropriate.

**Fill in this information to identify the case:**

Debtor name **University General Hospital, LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known) **17-42570-rfn11**

■ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................................... $             0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................................ $     3,556,442.85

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................................. $     3,556,442.85

| Part 2: | Summary of Liabilities |
| --- | --- |

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*................................... $     9,663,614.07

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................... $     1,794.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................. +$     33,418,209.83

4. **Total liabilities** ........................................................................................................
   Lines 2 + 3a + 3b

   $     43,083,617.90

**Fill in this information to identify the case:**

Debtor name  **University General Hospital, LLC**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF TEXAS

Case number (if known)  **17-42570-rfn11**

■ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 2. | **Cash on hand** | | | **$0.00** |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | **Amegy Bank** | **Depository Account** | 7558 | **$8,800.70** |
| 3.2. | **Chase Bank** | **Analysis Business Checking** | 4419 | **$98.70** |
| 3.3. | **Texas Capital Bank** | **Depository Account** | 2845 | **$0.00** |
| 3.4. | **Texas Capital Bank** | **Operating Account** | 2837 | **$265,420.32** |
| 3.5. | **Texas Capital Bank** | **Payroll Account** | 2860 | **$0.00** |
| 3.6. | **Texas Capital Bank** | **AP Account** | 2852 | **$0.00** |

Schedule A/B Assets - Real and Personal Property

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor **University General Hospital, LLC** Case number *(If known)* **17-42570-rfn11**
Name

| 3.7. | Texas Capital Bank | Debit Card Account | 4478 | $0.00 |

**4.** **Other cash equivalents** *(Identify all)*

**5.** **Total of Part 1.**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | **$274,319.72** |

| Part 2: | **Deposits and Prepayments** |

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | **Accounts receivable** |

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

**11.** **Accounts receivable**

| 11b. Over 90 days old: | **22,116,079.93** | - | **20,474,541.11** | =.... | **$1,641,538.82** |
| | face amount | | doubtful or uncollectible accounts | | |

**12.** **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. | **$1,641,538.82** |

| Part 4: | **Investments** |

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | **Inventory, excluding agriculture assets** |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
■ Yes Fill in the information below.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor **University General Hospital, LLC**
Name

Case number *(If known)* **17-42570-rfn11**

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. | **Office furniture** **Various desks, chairs, tables, bookcases, etc.** | $741,674.49 | Book Value | $741,674.49 |
| 40. | **Office fixtures** | | | |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** **Computer Equipment and Software** | $302,919.99 | Book Value | $302,919.99 |
| | **Miscellaneous Office Equipment** | $595,989.83 | Book Value | $595,989.83 |
| 42. | **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

| | $1,640,584.31 |
|---|---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 8:  Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:  Real property**

54. **Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:  Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:  All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

Official Form 206A/B       Schedule A/B Assets - Real and Personal Property       page 3

| Debtor | **University General Hospital, LLC** | Case number *(If known)* **17-42570-rfn11** |
|---|---|---|
| | Name | |

|  | | **Current value of debtor's interest** |
|---|---|---|

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

    **Atlantic Specialty Insurance Company - D&O Policy**           **Unknown**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    **Potential claims under insurance policies**           **Unknown**
    Nature of claim
    Amount requested          **$0.00**

    **Claims against Clinical Laboratories of Houston, LLC, dba Clinical Physicians Path Lab and its owners, agents, officers, managers and members arising under the Provider Services Agreement dated April 1, 2016 including breach of contract, negligent misrepresentation, fraud**           **Unknown**
    Nature of claim
    Amount requested          **$0.00**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.**           **$0.00**
Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor **University General Hospital, LLC**
Name

Case number *(If known)* **17-42570-rfn11**

---

| Part 12: | Summary |
| --- | --- |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $274,319.72 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $1,641,538.82 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $1,640,584.31 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .........................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $3,556,442.85 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $3,556,442.85 |

**Fill in this information to identify the case:**

Debtor name   **University General Hospital, LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   **17-42570-rfn11**

☐ Check if this is an
amended filing

Official Form 206H
# Schedule H: Your Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**

*Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Foundation HealthCare, Inc.** | **PO Box 20709 Oklahoma City, OK 73156** | **Texas Capital Bank** | ■ D ___2.7___ <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.2 | **Foundation HealthCare, Inc.** | **PO Box 20709 Oklahoma City, OK 73156** | **Various** | ☐ D _____ <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.3 | **Foundation Surgical Hospital Mgmt, LLC** | **PO Box 20709 Oklahoma City, OK 73156** | **Texas Capital Bank** | ■ D ___2.7___ <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.4 | **Foundation Surgical Hospital Mgmt, LLC** | **PO Box 20709 Oklahoma City, OK 73156** | **Various** | ☐ D _____ <br> ☐ E/F _____ <br> ☐ G _____ |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy