

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed September 11, 2017**

**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| FOUNDATION HEALTHCARE, INC., | § | CASE NO. 17-42571-rfn-11 |
| | § | Lead Case |
| DEBTOR. | § | |
| | § | Complex Case |
| ---------------------------------------------------------- § | | Jointly Administered |
| | § | |
| IN RE: | § | CHAPTER 11 |
| | § | |
| UNIVERSITY GENERAL HOSPITAL, LLC, | § | CASE NO. 17-42570 |
| | § | |
| DEBTOR. | § | Complex Case |
| | § | Jointly Administered |
| ---------------------------------------------------------- § | | Under Lead Case |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**
**CONFIRMING DEBTORS' FIRST AMENDED JOINT CHAPTER 11**
**PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017**

Came on for consideration confirmation of the *Debtors' First Amended Joint Chapter 11*

*Plan of Liquidation Dated as of August 8, 2017* [Docket No. 106] (as may be further amended,

modified, or supplemented from time to time, the "**Plan**") and the *Disclosure Statement in Support of Debtors' First Amended Joint Chapter 11 Plan of Liquidation Dated as of August 8, 2017* [Docket No. 105] (the "**Disclosure Statement**"), filed by Foundation Healthcare, Inc. ("**FHI**") and University General Hospital, LLC ("**UGH**," and collectively with FHI, the "**Debtors**"), debtors and debtors-in-possession in the above-referenced cases (the "**Cases**"); and the Court having entered an Order, among other things, conditionally approving the Disclosure Statement and approving certain procedures for the solicitation and tabulation of votes for the Plan (the "**Disclosure Statement Order**"); and upon the certification of Jung W. Song, a representative of Donlin Recano & Company, Inc., the balloting and tabulation agent in the Cases; and the Court having reviewed the certification filed certifying the ballots accepting and rejecting the Plan; and the Court having held the hearing to confirm the Plan on September 6, 2017 ("**Confirmation Hearing**") after due notice to holders of Claims and Interests and other parties in interest in accordance with the Disclosure Statement, the Disclosure Statement Order, Title 11 of the United States Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"); and the Court having reviewed all documents in connection with confirmation of the Plan and having heard all parties desiring to be heard at the Confirmation Hearing; and upon the record compiled in these Cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefore; the Court hereby makes the following findings of fact and conclusions of law:

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 2**

AUS-6417716-v2

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:**

A.    <u>Capitalized Terms</u>.  Capitalized terms used but not defined herein shall have the meanings given to them in the Plan.

B.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of facts constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    <u>Jurisdiction, Venue, Core Proceeding</u>.  This Court has jurisdiction over these Cases pursuant to 28 U.S.C. §§ 157 and 1334(a).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).

D.    <u>Disclosure Statement</u>.  On August 9, 2017, the Debtors filed the Disclosure Statement.  On August 8, 2017, the Court entered an order, the Disclosure Statement Order, conditionally approving the Disclosure Statement [Docket No. 102] in accordance with Section 105(d)(2)(vi) of the Bankruptcy Code, and establishing deadlines for the solicitation of votes for the confirmation of the Plan.

E.    <u>Adequacy of the Disclosure Statement</u>.  The information contained in the Disclosure Statement contained extensive material information regarding the Debtors so that parties entitled to vote on the Plan could make informed decisions regarding the Plan.  Additionally, the Disclosure Statement contains adequate information within the meaning of Bankruptcy Code Section 1125 and complies with any additional requirements of the Bankruptcy Code, Bankruptcy Rules, and

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017** – **Page 3**

AUS-6417716-v2

applicable non-bankruptcy law. The Debtors' use of the Disclosure statement to solicit votes to accept or reject the Plan was authorized by the Disclosure Statement Order and was appropriate. Solicitation of votes on the Plan was in compliance with the Disclosure Statement Order.

F.    <u>Solicitation</u>. Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

G.    <u>Voting</u>. As set forth in the record at the Confirmation Hearing, and by certification of Jung W. Song, each impaired Class of Claims and Interests either (a) voted to accept the Plan under Section 1126 of the Bankruptcy Code and for purposes of Section 1129(a)(8)(A) of the Bankruptcy Code; or (b) is not impaired under Section 1124 of the Bankruptcy Code and for the purposes of Section 1129(a)(8)(B) of the Bankruptcy Code. Voting on the Plan and treatment thereunder are reflected on the *Declaration of Jung W. Song of Donlin Recano & Company, Inc. Regarding the Tabulation of Ballots Accepting or Rejecting the Debtors' First Amended Joint Chapter 11 Plan of Liquidation* filed by the Debtors on September 5, 2017 [Docket No. 137]. The procedure by which ballots were received and tabulated was fair, properly conducted, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, Local Rules, the Disclosure Statement and the Disclosure Statement Order.

H.    <u>Modifications to the Plan</u>. The modifications and amendments in the Plan set forth on the record at the Confirmation Hearing, or made by this Confirmation Order, do not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications. Accordingly, pursuant to Bankruptcy Rule 3019, such modifications do not require additional disclosure under Section 1125 of the Bankruptcy Code, or re-solicitation of acceptances or

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017** – Page 4

AUS-6417716-v2

rejections under Section 1126 of the Bankruptcy Code, nor do they require that holders of Claims not accepting such modifications be afforded an opportunity to change previously cast acceptances or rejection of the Plan. Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of these Cases. Accordingly, pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively deemed to have accepted the Plan are deemed to have accepted such modifications to the Plan.

I.       Bankruptcy Rule 3016. In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as proponents of the Plan. The Debtors appropriately filed the Disclosure Statement and the Plan with the Court, thereby satisfying Bankruptcy Rule 3016(b). The discharge, release, injunction and exculpation provisions of the Plan are set forth in specific and conspicuous language, thereby complying with Bankruptcy Rule 3016(c).

J.       Plan Administrator. On August 28, 2017, the Debtors designated Jason A. Rae of Lain, Faulkner & Co., P.C. as the Plan Administrator [Docket No. 115].

K.       Compliance with Bankruptcy Code Section 1129(a)(1). The Plan complies with any and all applicable provisions of the Bankruptcy Code and Bankruptcy Rules, thereby satisfying Section 1129(a)(1). The Court makes further findings below that the Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The omission or exclusion of a specific finding herein does not constitute a finding that the Debtors have not complied with any and all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

a.       Proper Classification Under Sections 1122 and 1123(a)(1). In addition to Administrative Expense Claims and Priority Tax Claims, which need not be classified, the Plan designates five (5) Classes of Claims (Classes 1-5) against the Debtors. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore

consistent with Bankruptcy Code Section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders in each Class of Claims. The Plan satisfies Bankruptcy Code Sections 1122 and 1123(a)(1).

b.  <u>Specification of Classes Not Impaired under the Plan Under Section 1123(a)(2)</u>. Article 3 of the Plan specifies each particular Class of Claims or Interest that is not impaired under the Plan. The Plan satisfies Bankruptcy Code Section 1123(a)(2).

c.  <u>Specified Treatment of Impaired Classes – Section 1123(a)(3)</u>. Article 5 of the Plan specifies the treatment of the impaired Classes of Claims thereby satisfying Bankruptcy Code Section 1123(a)(3).

d.  <u>No Discrimination – Section 1123(a)(4)</u>. The Plan either provides the same treatment for each Claim in each respective Class or the holder of a particular Claim or Interest has agreed to a less favorable treatment of its particular Claim or Interest, thereby satisfying Bankruptcy Code Section 1123(a)(4).

e.  <u>Implementation of the Plan – Section 1123(a)(5)</u>. Article 7 of the Plan provides adequate and proper means for implementing the Plan. Pursuant to Article 6 of the Plan, the Effective Date of the Plan will not occur until the Confirmation Order becomes a Final Order, the DIP Agent has approved the identity of the Plan Administrator, and the Plan Documents, including the Plan Administration Agreement have been executed. Additionally, Section 7.19 of the Plan and Section IV.T. of the Disclosure Statement unequivocally and specifically provide for the retention of all Causes of Action held by the Debtor, including all avoidance actions under Chapter 5 of the Bankruptcy Code. The Plan Administrator will be authorized to pursue any and all Causes of Action on behalf of the Debtors.

f.  <u>Charters of the Debtors – Section 1123(a)(6)</u>. The Plan is a liquidating plan and provides for the cancellation of all Interests in the Debtors. The Court therefore finds and concludes that Section 1123(a)(6) is inapplicable.

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**<u>CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017</u> – Page 6**

AUS-6417716-v2

g. <u>Selection of Officers and Directors – Section 1123(a)(7)</u>. The Plan as a liquidation plan provides for the designation of a Plan Administrator to liquidate remaining assets, make distribution to creditors, and wind up the Debtors' business. The Court finds the designation of a Plan Administrator consistent with the interests of holders of Claims or Interests against the Debtors.

h. <u>Additional Plan Provisions – Section 1123(b)</u>. The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

L. <u>Compliance with Bankruptcy Code Section 1129(a)(2)</u>. The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(2). Specifically, the Debtors offered the testimony of Michael S. Miller stating that the Plan complies with all applicable provisions of the Bankruptcy Code.

M. <u>Plan Proposed in Good Faith – Section 1129(a)(3)</u>. The Debtors have proposed the Plan in good faith and not by means forbidden by law, thereby satisfying Bankruptcy Code Section 1129(a)(3). The Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based on the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of liquidating the Debtors' assets in a fashion to maximize the recovery to the Debtors' creditors in accordance with the priorities set forth in the Bankruptcy Code.

N. <u>Payment for Services or Costs and Expenses – Section 1129(a)(4)</u>. Any payments made or to be made by the Debtors for services or for costs and expenses in connection with these Cases have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code Section 1129(a)(4).

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017** – **Page 7**

AUS-6417716-v2

O.      Identification of Directors, Officers, and Insiders – Section 1129(a)(5). The Plan proposes the appointment of the Plan Administrator. The identity of the proposed Plan Administrator was made known by the Debtors on August 28, 2017 [Docket No. 115]. The Plan does not propose the retention or employment of an insider of the Debtors. Therefore Bankruptcy Code Section 1129(a)(5) has been satisfied.

P.      No Rate Changes – Section 1129(a)(6). The Plan does not provide for the change of any rate that is within the jurisdiction of any governmental regulatory commission after the occurrence of the Effective Date. Therefore, Bankruptcy Code Section 1129(a)(6) is inapplicable.

Q.      Best Interest of Creditors – Section 1129(a)(7). As set forth in the Liquidation Analysis and by evidence presented at the Confirmation Hearing, the "best interest" test is satisfied as to all Impaired Classes of Claims and Interests that have not accepted the Plan. As set forth in the Liquidation Analysis, a liquidation under Chapter 7 would adversely affect the ultimate proceeds available for distribution to holders of the Secured Claim of the Bonds due to: (i) increased costs, including administrative fees and costs payable to the chapter 7 trustee and professional advisors of the trustee; (ii) the need to retain an investment banker to market the Property; (iii) loss of value through passage of time; and (iv) limitations of Section 721 of the Bankruptcy Code. Confirmation of the Plan provides each rejecting creditor and interest holder with a recovery that is not less than such holder would receive in a Chapter 7 liquidation of the Debtors' assets.

R.      Acceptance by Impaired Classes– Section 1129(a)(8). Bankruptcy Code Section 1129(a)(8) of the Bankruptcy Code is satisfied. With respect to each Class of Claims or Interests, such Class has accepted the Plan or is not impaired under the Plan.

S.      Treatment of Administrative, Other Priority Claims and Priority Tax Claims – Section 1129(a)(9). Consistent with Section 1129(a)(9)(A), Section 4.1 of the Plan provides that each holder

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017** – Page 8

AUS-6417716-v2

of an Allowed Administrative Expense Claim shall be paid the total amount of such holder's Allowed Administrative Expense Claim as soon as reasonably practicable after the later of (a) the Effective Date, (b) payment in full of the DIP Administrative Claim, (c) the allowance of such Administrative Expense Claim, and (d) such other date agreed upon in writing by the applicable Debtor or the Liquidating Debtor and the holder of such Allowed Administrative Expense Claim. Notwithstanding the forgoing, Allowed Professional Claims shall be paid pursuant to Section 4.1.2 and 4.1.5 of the Plan. Consistent with Section 1129(a)(9)(C), Section 4.2 of the Plan provides that each holder of an Allowed Priority Tax Claim shall receive all Distributions under the Plan after the payment of the DIP Administrative Claim until such time as Allowed Priority Tax Claims are paid in full. No holder of an Administrative Expense Claim, Priority Tax Claim, or Priority Non-Tax Claim has objected to this treatment under the Plan.

T. <u>Acceptance by Impaired Class – Section 1129(a)(10)</u>. At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code Section 1129(a)(10).

U. <u>Feasibility – Section 1129(a)(11)</u>. The Plan is a liquidating plan and the funding of which is dependent upon the successful liquidation of the Debtors' assets, and thus the feasibility requirement of Bankruptcy Code Section 1129(a)(11) is satisfied.

V. <u>Payment of Fees – Section 1129(a)(12)</u>. All fees payable under 28 U.S.C. §1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan thus satisfying the requirements of Bankruptcy Code Section 1129(a)(12).

W. <u>Continuation of Retiree Benefits – Section 1129(a)(13)</u>. The Debtors do not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code Section 1129(a)(13) is not applicable.

X. <u>Domestic Support – Section 1129(a)(14)</u>**.** The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Thus, Bankruptcy Code Section 1129(a)(14) is not applicable.

Y. <u>Individual Debtor Cases – Section 1129(a)(15)</u>. The Debtors are not individual debtors and thus Bankruptcy Code Section 1129(a)(15) is not applicable.

Z. <u>Transfers of Property – Section 1129(a)(16)</u>. All transfers of property under the Plan will be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Thus Bankruptcy Code Section 1129(a)(16) is satisfied.

AA. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements of confirmation set forth in Bankruptcy Code Section 1129.

BB. <u>Implementation of the Plan</u>. Article 7 of the Plan provides the means for implementing the Plan. The provisions of Article 7 of the Plan are consistent with and permissible under Section 1123(a)(5) of the Bankruptcy Code and are consistent with the interests of Creditors, holders of Interest, and public policy.

CC. <u>Preservation of Causes of Action</u>. The claims and Causes of Action referenced or listed in the Plan, the Disclosure Statement, and Appendix 4 of the Disclosure Statement are hereby specifically and unequivocally reserved and retained for the prosecution, enforcement, and pursuit by the Debtors and the Plan Administrator, who is designated as the representative of the Liquidating Debtors' Estates for such purposes, pursuant to Section 1123(b)(3)(B).

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 10**

AUS-6417716-v2

DD. <u>Releases, Exculpations, and Injunctions</u>. The releases, exculpations, and injunctions provided in the Plan (a) are within the jurisdiction of the Court under 28 U.S.C. § 1334; (b) are the product of good faith, arm's-length negotiations, (c) are integral elements of the global settlement embodied in the Plan and are essential to the Plan's implementation, (d) confer material benefit on, and are in the best interests of the Debtors, their Estate and Creditors; and (e) are consistent with Sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code. The release provision in Section 10.1.2 of the Plan (Releases by the Debtors) represents a valid exercise of the Debtors' business judgment. The release provision in Section 10.1.3 of the Plan (Releases by Holders of Claims and Interests) is appropriate, as the releases contained therein are consensual because the releases were conspicuously disclosed in bold face in the Plan and on the Ballots, and Holders of Claims entitled to vote on the Plan were given the option to opt-out of the releases. The exculpation and protective injunction provided in paragraphs 10.2 and 10.3 of the Plan are appropriate under applicable law because they were proposed in good faith, were formulated following good faith, arm's-length negotiations and were an integral component of the global settlement contained in the Plan and are appropriately limited in scope. The record at the Confirmation Hearing and in these Chapter 11 Cases is sufficient to support the injunctions, releases and exculpations provided for in the Plan and the failure to implement the injunctions, exculpations and releases would seriously impair the Debtors' ability to confirm the Plan.

EE. <u>Objections</u>. All timely filed objections to final approval of the Disclosure Statement and/or to confirmation of the Plan were withdrawn, settled, or overruled.

## <u>DECREES</u>

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 11**

AUS-6417716-v2

1.      <u>Adequacy of the Disclosure Statement</u>.    The Disclosure Statement hereby is **APPROVED** on a final basis as containing adequate information within the meaning of Bankruptcy Code Section 1125 and contains sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.

2.      <u>Confirmation of the Plan</u>.  The Plan, which consists of the Plan and modifications set forth in this Confirmation Order or on the record at the Confirmation Hearing, is **APPROVED** and **CONFIRMED** under Bankruptcy Code Section 1129 in its entirety.   The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

3.      <u>Objections</u>.  Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

4.      <u>Approval of Plan Modifications</u>.  The modifications and amendments in the Plan made by this Confirmation Order are hereby approved.   Such modification s do not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications. Accordingly, pursuant to Bankruptcy Rule 3019, such modifications do not require additional disclosure under Section 1125 of the Bankruptcy Code, or re-solicitation of acceptances or rejections under Section 1126 of the Bankruptcy Code, nor do they require that holders of Claims not accepting such modifications be afforded an opportunity to change previously cast acceptances or rejection of the Plan.  Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of these Cases.

5.      <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>.  On the Effective Date, the stay contemplated by Bankruptcy Rule 3020(e) is waived and lifted in all respects. Notwithstanding any otherwise applicable law but subject to the occurrence of the Effective Date,

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 12**

AUS-6417716-v2

upon entry of this Confirmation Order, the terms of the Plan (including the exhibits thereto and referenced herein, and all documents and agreements executed pursuant to the Plan) and the Confirmation Order shall be binding upon (a) the Debtors; (b) all holders of Claims against and Interest in the Debtors, whether or not impaired under the Plan, and whether or not, if impaired, such holder accepted the Plan; (c) any other party in interest; (d) any Person making an appearance in these Cases; and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

6.    <u>Classification and Treatment</u>.  All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan.  The Plan's classification scheme shall be, and hereby is, approved.  The treatment of all Claims and Interests as provided in the Plan shall be, and hereby is, approved.

7.    <u>Administrative Expense Claims (Other than Professional Claims or the Claim on account of the DIP Loan)</u>.  The holder of any Administrative Expense Claim, other than holders of Professional Claims or the Claim of the DIP Lenders on account of the DIP Loan, must File with the Court, and serve on the Plan Administrator and his counsel, an application for payment of such Administrative Expense ("**<u>Administrative Expense Application</u>**") on or before the Administrative Expense Claim Bar Date, which is thirty (30) days after the Effective Date.  An Administrative Expense Application must include at a minimum: (a) the name of the holder of the Administrative Expense Claim; (b) the amount of the Claim; and (c) the basis of the Claim (including applicable support documentation).  Failure to timely File and serve the Administrative Expense Application shall result in the Administrative Expense Claim being forever barred and discharged.  A timely Filed and served Administrative Expense Claim shall become an Allowed Administrative Expense

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 13**

AUS-6417716-v2

Claim if no objection is Filed within thirty (30) days after its Filing and service ("**Administrative Expense Objection Deadline**"). If an objection is Filed to an Administrative Expense Application by the Administrative Expense Objection Deadline, the Administrative Expense Claim shall become an Allowed Administrative Expense Claim only to the extent Allowed by Order of the Court.

8. <u>Professional Claims</u>. On or prior to the Administrative Expense Claim Bar Date, each Professional who holds, or asserts a Professional Claim shall File with the Court its final fee application seeking final approval of all fees and expenses from the Petition Date through the Effective Date. Objections, if any, to Professional final fee applications must be filed and served on the Plan Administrator and the Professional to whose application the objections are addressed no later than twenty-four (24) days after the filing of the relevant final fee application. The Debtors shall pay any outstanding amounts owed to a Professional within ten (10) days after entry of a Final Order with respect to such Professional's final fee application. Any amounts previously paid to a Professional but not supported by the Final Order with respect to such Professional's final fee application, shall be paid directly to the DIP Lender within ten (10) days after entry of such Order.

9. <u>Enforceability of the Plan</u>. Pursuant to Sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and all Plan-related documents shall be, and hereby are, valid, binding, and enforceable notwithstanding any otherwise applicable nonbankruptcy law. The modifications are enforceable and do not constitute material modifications that might otherwise require re-solicitation.

10. <u>Authorization to Implement the Plan</u>. Upon entry of this Confirmation Order, and subject to the occurrence of the Effective Date, the Debtors and the Plan Administrator are authorized to take or cause to be taken all actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into, or otherwise make effective all

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 14**

AUS-6417716-v2

documents arising in connection therewith, on and after the Effective Date. All such actions taken or caused to be taken shall be, and hereby are, authorized and approved by the Court such that no further approval, act, or action need to be taken under any applicable law, order, rule, or regulation. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors or the Plan Administrator to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or the Confirmation Order.

11. <u>Payment of Fees and Expenses of the Plan Administrator</u>. The Plan Administrator may employ on behalf of himself, the Liquidating Debtors, and the Liquidating Estates, without Court order, professional persons, as such term is used in the Bankruptcy Code, to assist the Plan Administrator to carry out the duties under the Plan. The Plan Administrator and his professionals shall be compensated at their respective standard hourly rates or such other fee structure as may be agreed to by the DIP Agent, the Debtors and the Plan Administrator, for time spent administering and implementing the Plan and the resolution of objections to Claims, if any are asserted, without further motion or application to the Court, subject until such time as the DIP Administrative Claim and the Secured Claims in Class 1 are paid in full, to the review and approval of the DIP Agent. Compensation to the Plan Administrator and his professionals, as approved by the DIP Agent to the extent applicable, which approval shall not be unreasonably withheld, shall be made (a) first, from the Plan Administration Funding, and (b) thereafter, from the remaining assets of the Liquidating Debtors.

12. <u>Distributions Under the Plan</u>. The Plan Administrator is approved as the disbursing agent and shall have all powers, rights, duties, and protections afforded to the Plan Administrator to

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 15**

AUS-6417716-v2

make Distributions under the provisions of the Plan. Pursuant to the terms and provisions of the Plan, the Plan Administrator shall make the Distributions specified under the Plan.

13. <u>Resolution of Claims</u>. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. All objections to Claims shall be Filed with the Court by the Claims Objection Deadline, which is one hundred-twenty (120) days from the Effective Date unless further extended by order of the Court, and a copy of the objection will be served upon the holder of the Claim to which such objection pertains and the United States Trustee. Nothing in the Plan or this Confirmation Order is intended to affect or modify the right of any party-in-interest to object to a Claim or Interest under Section 502(a) of the Bankruptcy Code.

14. <u>Claims of the Comptroller and TWC</u>. Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, these provisions will govern the treatment of the claims of the Texas Comptroller of Public Accounts ("**Comptroller**") and the Texas Workforce Commission ("**TWC**"): (1) nothing provided in the Plan or this Confirmation Order shall affect or impair any setoff rights of the Comptroller or TWC: (2) nothing provided in the Plan or this Confirmation Order shall affect or impair any rights of the Comptroller or TWC to pursue any non-debtor third parties for the tax debts of or claims against such non-debtor third parties; (3) as to claims arising prior to the Petition Date, the Comptroller and TWC may file any claim, or amend any claim, without authorization of the Court prior to December 26, 2017, and any such claim, or amended claim, will be deemed timely filed and not subject to disallowance under Plan para. 8.2; (4) any tax penalties included in the Comptroller or TWC's priority claims will be provided for as a general unsecured claims; (5) the Comptroller and TWC are not required to file a motion or application for payment of administrative expense claims for claims arising after the Petition Date; and (6) any claim arising

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
<u>**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017**</u> **– Page 16**

AUS-6417716-v2

after the Petition Date will be filed by the Comptroller or TWC on or before September 8, 2017 and will be paid in full on or before the Effective Date.

15. <u>Claim of Wynona Reine</u>. Wynona Reine shall be deemed to hold an allowed UGH Class 5 General Unsecured Claim in the amount of $4,345.00. Except to the extent that Ms. Reine agrees to different treatment as the holder of an UGH Class 5 General Unsecured Claim, she shall be entitled to receive, in full and final satisfaction, settlement, release, and discharge of and in exchange for such UGH Class 5 General Unsecured Claim, her Pro Rata share of all remaining property of UGH after (a) payment of the DIP Administrative Claim, Allowed Priority Claims, and Allowed Secured Claims in UGH Classes 1, 2 and 3 (solely as to the Collateral applicable to such Class), and (b) payment of the Plan Administrative Funding, until all Allowed General Unsecured Claims in UGH Class 5 are paid in full or all of the property of UGH's Estate has been distributed.

16. <u>Rejection of Executory Contracts</u>. Pursuant to Section 9.1 of the Plan, on the Effective Date, all executory contracts and unexpired leases to which the Debtors are a party that had not otherwise been assumed or rejected pursuant to a Final Order of the Court shall be deemed rejected as of the Petition Date.

17. <u>Rejection Damage Claims</u>. Pursuant to Section 9.2 of the Plan, if the rejection of an executory contract or unexpired lease pursuant to the Plan gives rise to a Rejection Claim, any such Rejection Claim shall be forever barred and shall not be enforceable against the Debtors or their Estates (or the Liquidating Debtors or the Liquidating Debtors' Estates) unless a proof of Rejection Claim is Filed by the Rejection Damages Bar Date, which shall be thirty (30) days after the Effective Date. The Plan Administrator shall file any objection to a Rejection Claim on or before the Claims Objection Deadline.

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 17**

AUS-6417716-v2

18. <u>Payment of U.S. Trustee Fees</u>. All fees payable pursuant to 28 U.S.C. § 1930 after the Effective Date shall be paid on a quarterly basis until the Cases are closed, converted, or dismissed. The Debtors shall be liable for the payment of all quarterly fees due and payable pursuant to 28 U.S.C. §1930(a)(6) prior to the Effective Date. The Debtors and Liquidating Debtors shall be jointly and severally liable for the payment of all quarterly fees due pursuant to 28 U.S.C. § 1930 after the Effective Date, and for any unpaid quarterly fees incurred by the Debtors prior to the Effective Date. The Liquidating Debtors through the Plan Administrator shall provide the United States Trustee with post-confirmation quarterly reports that shall include all disbursements for that quarter.

19. <u>Retention of Causes of Action</u>.

(a)     Except as otherwise provided in the Plan and this Confirmation Order, all Causes of Action shall be retained for the benefit of the Debtors and their Estates as set forth in the Plan, the Disclosure Statement (including all appendices thereto), and modifications. These Causes of Action include, without limitation, all claims and Causes of Action listed in, referenced in, or attached as an appendix to the Disclosure Statement or the Schedules. The Plan Administrator is hereby designated as the Liquidating Debtors Estates' representative for purposes of prosecuting and enforcing all Causes of Action, and the Plan Administrator has standing to bring all Causes of Action. Except as otherwise provided in the Plan and this Confirmation Order, the Plan Administrator's right to commence, pursue, prosecute, enforce, or settle such Causes of Action on behalf of the Liquidating Debtors shall be, and hereby is, preserved.

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017** – **Page 18**

AUS-6417716-v2

(b)      No Person or Entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against it as any indication that the Debtors, or the Plan Administrator on behalf of the Liquidating Debtors, will not pursue all available Causes of Action. The Debtors and the Plan Administrator on behalf of the Liquidating Debtors' Estates expressly reserve, specifically and unequivocally, all rights to prosecute and enforce and all Causes of Action against any Person or Entity, except as otherwise specifically and expressly provided in the Plan. Unless any Causes of Action against a Person or Entity is specifically and expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an Order, the Debtors and the Plan Administrator on behalf of the Liquidating Debtors expressly reserve all Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), standing, or laches, shall apply to such Cause of Action upon or after the confirmation or consummation of the Plan by reason of entry of the Confirmation Order.

20.      <u>Releases, Injunction and Exculpations</u>. The release, injunction and exculpation provisions set forth in Article 10 of the Plan shall be, and hereby are, approved, and shall be effective without further action upon the occurrence of the Effective Date. Each of the Released Parties shall have the and any other Persons protected by the injunction set forth in Article 10.2 of the Plan or Paragraphs 24-25 of this Confirmation Order shall have the right to independently seek the enforcement of such injunction. Any parties who elected to "opt out" of releases under the Plan,

shall neither be protected by, nor bound by, the release provisions contained within Article 10 of the Plan.

21.     <u>Release of the Debtors</u>. Except as otherwise specifically provided by the Plan and this Confirmation Order, the Distributions and rights that are provided in the Plan shall be in complete satisfaction and release, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, of (a) all Claims and Causes of Action against, liabilities of, liens on, obligations of and Interests in, the Debtors and the assets and properties of the Debtors, whether known or unknown; and (b) all Causes of Action (whether known or unknown, either directly or derivatively through the Debtors) against, Claims (as defined in Section 101 of the Bankruptcy Code) against, liabilities (as guarantor of a Claim or otherwise) of, Liens on the direct or indirect assets and properties of, and obligations of successors and assigns of, the Debtors and their successors and assigns based on the same subject matter as any Claim or Interest or based on any act or omission, transaction, or other activity or security, instrument, or other agreement of any kind or nature occurring, arising, or existing prior to the Effective Date that was or could have been the subject of any Claim or Interest, in each case regardless of whether a proof of Claim or Interest was Filed, whether or not Allowed and whether or not the holder of the Claim or Interest has voted on the Plan. Notwithstanding anything herein to the contrary, nothing in the Plan shall constitute a satisfaction and release of any Claim or Cause of Action preserved in Appendix 4 of the Disclosure Statement, including but not limited to Causes of Action against (a) any of the Debtors' current or former officers and directors of Claims arising prior to the Petition Date, or (b) any Non-Debtor guarantor or Non-Debtor obligor on any Claim against the Debtors.

22.     <u>Releases by the Debtors</u>.  Effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, for good and valuable consideration, the adequacy of which is

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 20**

AUS-6417716-v2

hereby confirmed, the Debtors, in their own capacity and as debtors in possession, the Liquidating Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing entities, shall be deemed to have forever released unconditionally, waived and discharged, and hereby is deemed to release unconditionally, waive, and discharge on such date the Released Parties from any and all Causes of Action (including any derivative claims) and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, based in whole or in part upon or related to any act or omission, transaction, event, or other occurrence, taking place on or prior to the Effective Date in any way relating to the Debtors, the Indebtedness Documents or other indebtedness for money borrowed by the Debtors, the filing of the Cases, the Cases, the Plan (including any Plan Documents), the Disclosure Statement, the pursuit of approval of the Disclosure Statement or confirmation of the Plan, or the pursuit of consummation of the Plan. Notwithstanding the foregoing release, no Released Party shall be released from acts or omissions which are the result of willful misconduct or fraud or from any obligations under the Plan or any document, instrument, or agreement executed to implement the Plan. Except as set forth herein, nothing in the Plan shall constitute a release against any of the Debtors' current or former officers and directors of claims arising prior to the Petition Date held by the Debtors and/or their Estates.

23. <u>Release by Holders of Claims and Interests</u>. As of the Effective Date, each Releasing Party is deemed to have released and discharged the Debtors, Liquidating Debtors, and each Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017** – **Page 21**

AUS-6417716-v2

entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, any act or omission, transaction, event, or other occurrence, taking place on or prior to the Effective Date in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Indebtedness Documents or other indebtedness for money borrowed by the Debtors, intercompany transactions, the filing of the Cases, the Cases, the Plan (including any Plan Documents), the Disclosure Statement, the pursuit of approval of the Disclosure Statement or confirmation of the Plan, or the pursuit of consummation of the Plan, or any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding the foregoing release, no Released Party shall be released from acts or omissions which are the result of willful misconduct or fraud or from any obligations under the Plan or any document, instrument, or agreement executed to implement the Plan.

24.     <u>Injunctions</u>.  All Entities who have held, hold, or may hold Claims against or Interests in the Debtors are, with respect to any such Claims or Interests, are hereby enjoined through the date the Final Decree is entered from and after the Confirmation Date from: (a) commencing, conducting, or continuing in any manner, directly, or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) pursuing any relief against property of the Debtors' estate, and (b) taking any other act to obtain possession of property of the estate or to exercise control over property of the estate.  This provision of the Confirmation Order modifies Section 10.2 of the Plan.

25.     Nothing in the Confirmation Order or the Plan releases, discharges, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5), (ii) any Claim of a Governmental Unit

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 22**

AUS-6417716-v2

arising on or after the Confirmation Date, or (iii) any exercise of a Governmental Unit's police or regulatory powers.

26.     Furthermore, except as otherwise expressly provided in the Plan, for the consideration described in the Plan, as of the Effective Date, all Entities who have held, hold, or may hold claims released pursuant to Article 10 of the Plan, whether known or unknown, and their respective agents, attorneys, and all others acting for or on their behalf, are hereby permanently enjoined on and after the Effective Date, with respect to any claim released pursuant to Article 10 of the Plan, from (a) commencing or continuing in any manner, any action or other proceeding of any kind with respect to any claim against any Released Party or the property of any of them; (b) seeking the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any Released Party or the property of any Released Party; (c) creating, perfecting, or enforcing any encumbrance of any kind against any Released Party; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to any Released Party; and (e) taking any act, in any manner and in any place whatsoever, that does not conform to or comply with provisions of the Plan.  In the event that any Entity takes any action that is prohibited by, or is otherwise inconsistent with the provisions of this Confirmation Order or Article 10 of the Plan, then, upon notice to the Court, the action or proceeding in which the Claim of such Entity is asserted shall automatically be transferred to the Court for enforcement of the provisions of this section of the Confirmation Order and Section 10.2.2 of the Plan.

27.     <u>Exculpation</u>.  The Exculpated Persons under the Plan shall not have nor incur any liability to any Entity for any act taken or omission made in good faith in connection with or related to formulating, negotiating, implementing, confirming, or consummating the Plan, including any settlement referenced therein, the Disclosure Statement, or any Plan Document.  The Exculpated

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017** – Page 23

AUS-6417716-v2

Persons shall have no liability to the Debtors, any Creditor, Interest holder, any other party-in-interest in the Cases or any other Entity for actions taken or not taken under the Plan, in connection herewith or with respect thereto, or arising out of their administration of the Plan or the property to be distributed under the Plan, in good faith, including, without limitation, failure to obtain Confirmation or to satisfy any condition or conditions, or refusal to waive any condition or conditions, to the occurrence of the Effective Date, and in all respects the Exculpated Persons shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan; *provided, however*, that the foregoing exculpation shall not apply to any act of willful misconduct or fraud.

28.     <u>Retention of Jurisdiction</u>.  Pursuant to Section 105(a) and 1142 of the Bankruptcy Code, the Court shall retain and shall have exclusive jurisdiction over any matter: (a) arising under the Bankruptcy Code; (b) arising in or related to the Cases or the Plan; (c) that relates to the matters set forth in Section 11.3 of the Plan.

29.     <u>Specific Jurisdiction</u>.  The Court specifically retains jurisdiction pursuant to and for purposes set forth in Sections 105 and 1127 of the Bankruptcy Code and the Plan, including without limitation, to determine whether or not any claim or right has been affected by the Plan or this Confirmation Order, and for such other purposes as may be necessary or useful to aid in the enforcement or implementation of the Plan or this Confirmation Order.

30.     <u>Automatic Stay Under Section 362(a)</u>.  The stay in effect in the Cases pursuant to Section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further effect, subject to the injunction set forth in the Confirmation Order, Article 10 of the Plan and/or Sections 524 and 1411 of the Bankruptcy Code.

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**<u>CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017</u> – Page 24**

AUS-6417716-v2

31. <u>Designation of Plan Administrator</u>. As of the Effective Date, Jason A. Rae of Lain, Faulkner & Co., P.C. is hereby designated as the Plan Administrator. The Plan Administrator is hereby vested with full power and authority on behalf of the Debtors to take any and all actions deemed necessary or appropriate to carry out the duties contemplated under the Plan and all other provisions of the Plan. The Plan Administrator shall have full and unqualified authority to delegate any or all of these powers to any of its authorized agents.

32. <u>Notice of Confirmation Order</u>. The Debtors shall serve a copy of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, the United States Trustee, and entities that requested notice in these Cases, by first-class mail, postage prepaid.

33. <u>Notice of Effective Date</u>. Within one (1) business day after the day selected by the Debtors to be the Effective Date, the Debtors shall File a notice of the occurrence of the Effective Date and serve a copy of same on (a) all creditors, (b) the United States Trustee, and (c) entities that have requested notice in these Cases. "Substantial Consummation" of the Plan, as defined in Bankruptcy Code Section 1101(2), shall be deemed to occur on the Effective Date.

34. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety. Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Order. If any inconsistencies occur between the Plan and this Order, this Order shall govern.

35. <u>Calculation of Time Period</u>. All time periods set forth in this Confirmation Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017 – Page 25**

AUS-6417716-v2

36.     <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent Order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of such order; nor shall such reversal, modification, or vacatur of the Confirmation Order affect the validity or enforceability of such act or obligation.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan, and all documents, instruments, and agreements related thereto or any amendments or modifications thereto.

### ### END OF ORDER ###

Prepared by:

*/s/ Vickie L. Driver*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
**HUSCH BLACKWELL LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
Phone:  (214) 999-6100
Fax:  (214) 999-6170
Email:  vickie.driver@huschblackwell.com
Email: crissie.stephenson@huschblackwell.com

**COUNSEL FOR THE DEBTORS**

**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT
CHAPTER 11 PLAN OF LIQUIDATION DATED AS OF AUGUST 8, 2017** – **Page 26**

AUS-6417716-v2